**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 8:23-cr-99-LKG** |
| | * | |
| **v.** | * | **(Conspiracy to Defraud the United** |
| | * | **States, 18 U.S.C. § 371; Filing False** |
| **ORIN WAYNE SOLOMON, and** | * | **Tax Returns, 26 U.S.C. § 7206(1);** |
| | * | **Aiding and Assisting in the** |
| **MARQUIS AL BEY,** | * | **Preparation of False Tax Returns, 26** |
| **a/k/a "Al Bey,"** | * | **U.S.C. § 7206(2); Theft of Government** |
| **a/k/a "Alvin Hewett,"** | * | **Funds, 18 U.S.C. §§ 641, 2; Attempt to** |
| | * | **Evade or Defeat Tax, 26 U.S.C. § 7201;** |
| **Defendants** | * | **Failure to File Tax Returns, 26 U.S.C.** |
| | * | **§ 7203; Bank Fraud, 18 U.S.C. § 1344)** |
| | ******* | |

# MOTION FOR RECOVATION OF RELEASE ORDER AND MEMORANDUM IN SUPPORT

The United States of America by and through its attorneys, David A. Hubbert, Deputy Assistant Attorney General, and Melissa S. Siskind and Jeffrey A. McLellan, Trial Attorneys, United States Department of Justice, Tax Division, hereby submits this motion for revocation of a release order entered by a magistrate judge in the Northern District of Texas. This Court, having original jurisdiction over this case, has the authority to review that release order and find that defendant Marquis Al Bey should be detained pending trial. As set forth below, Bey poses a serious risk of flight and danger to the community. Accordingly, the Court should find, pursuant to 18 U.S.C. § 3142, that no condition or combination of conditions that will reasonably assure his appearance for trial and that therefore he should be detained.

**Relevant Factual Background**

On December 7, 2023, a grand jury in the District of Maryland returned a superseding indictment charging Bey with violations of federal law, including conspiring to defraud the United States, aiding in the preparation of false tax returns, and theft of government funds. Doc. # 40.

On December 12, 2023, Bey was arrested in Forney, Texas. He made his initial appearance before Magistrate Judge Rebecca Rutherford in the Northern District of Texas on December 13, at which time Magistrate Judge Rutherford entered an order of temporary detention and set both an identity hearing and a detention hearing for the following day. See docket entries in 3:23-mj-01056 (N.D. Tex.). At those hearings, Magistrate Judge Rutherford found that the Bey was the same individual identified in the superseding indictment. However, she declined to detain Bey, and instead released him on conditions.[1]

Magistrate Judge Rutherford's release order is currently stayed pending this Court's resolution of the instant motion. Therefore, Bey remains in custody in the Northern District of Texas.

[1] The government has ordered expedited production of the transcripts of these proceedings and will supply the transcripts to the Court as soon as they become available.

## **Legal Standard**

This Court has statutory authority to review Magistrate Judge Rutherford's release order and order that Bey be detained pending transportation to the District of Maryland and ultimately trial.

Title 18, United States Code, Section 3145 provides, in pertinent part:

> (a) If a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court-
>
> (1) the attorney for the Government may file, with the court having original jurisdiction over the offense, a motion for revocation of the order or amendment of the conditions of release;

18 U.S.C. § 3145(a).

This Court must conduct a *de novo* review of the release order. United States v. Stewart, 19 Fed. Appx. 46, 48 (4th Cir. 2001) ("When the district court acts on a motion to revoke or amend a magistrate judge's pretrial detention order, the district court acts *de novo* and must make an independent determination of the proper pretrial detention or conditions of release.") In so doing, this Court "must make an independent determination of the proper pretrial detention or conditions of release." Id. at 48.

# ARGUMENT

This Court should revoke the release order from the Northern District of Texas and order that Bey be detained because Bey poses a serious risk of flight and danger to the community. As there is no condition or combination of conditions that will reasonably assure his appearance for trial, he should be detained. Indeed, as explained below, Bey has consistently engaged in efforts to conceal his identity and location from law enforcement, including by providing false information regarding the location of his company. This behavior has continued until as recently as this week, when Bey provided Pretrial Services in the Northern District of Texas with a false address for his place of employment.

Under the Bail Reform Act, 18 U.S.C. § 3141 et seq., a defendant shall be released pending trial unless a judicial officer determines that release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community. Id. The lack of reasonable assurance of either the defendant's appearance or the safety of others or the community is sufficient; both are not required. Stewart, 19 F. App'x 46, 48. In determining whether there are conditions of release that will reasonably assure the appearance of the person as required, a court must consider (1) the nature and circumstances of the offense charged…(2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to

any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). At a detention hearing, "the facts the judicial officer uses to support a finding pursuant to subsection (e) that no condition or combination of conditions will reasonably assure the safety of any other person and the community shall be supported by clear and convincing evidence." 18 U.S.C. § 3142(f).

<u>Nature and Circumstances of Offense</u>

The first factor that the Court must consider under § 3142(g) is "the nature and circumstances of the offense charged." 18 U.S.C. § 3142(g)(1). Bey is charged with seven felonies related to his attempts to obtain more than $25 million from the United States government. Bey's conduct caused an actual loss to the government of more than $2 million and he was personally enriched by his fraud.

Last week, a grand jury in the District of Maryland returned a true bill charging Bey with conspiring with one of his customers, Orin Solomon, to defraud the Internal Revenue Service (IRS), in violation of 18 U.S.C. § 371, five counts of preparing false tax returns for Solomon and another Maryland customer, in violation of 26 U.S.C. § 7206(2), and one count of theft of government property for aiding and abetting Solomon in stealing $10 million from the U.S. Treasury by means of a fraudulently-procured tax refund check. The government's preliminary calculation as to Bey under the United States Sentencing Guidelines indicates a total offense level of 36 and an imprisonment range of 188-235 months. The prospect of a 15-

year-plus sentence may well provide a defendant like Bey the impetus to flee. See United States v. Stanford, 630 F.Supp.2d 751, 755 (S.D.Tex.2009) (finding that the severity of the defendant's possible term of imprisonment weighed in favor of detention).

Weight of the Evidence

The Court must next consider "the weight of the evidence against the person." 18 U.S.C. § 3142(g)(2). The evidence against Bey – which included false tax returns and other documents filed with the IRS, bank records, and most notably emails in which Bey discusses his fraudulent schemes – is overwhelming. These documents paint a picture of a multi-year fraud that was intended to steal millions from the U.S. Treasury and enrich both Bey and his clients.

Emails show that Bey admitted that he had structured their financial affairs in a manner designed to evade their taxes. For example, the superseding indictment alleges that Bey aided Solomon in evading Solomon's income tax liabilities through the use of trusts, and that Bey assisted other clients in setting up trusts for the same purpose. An email dated May 7, 2019 confirms Bey's criminal intent:

**From:** creativeassociates77@yahoo.com
**Sent:** Tue 5/7/2019 12:57:53 PM (UTC)
**To:** solo628@aol.com
**Subject:** Re: Maryland Tax Assessment

Order a wage transcript, that way we can find out who is reporting income on you personally. The structure we set up is for you not to have any personal tax liability but someone has reported income on you and we have to find out who it is in order to address this letter.

Indeed, as the superseding indictment alleges, Bey assisted Solomon in structuring his financial affairs in a manner designed to evade taxes.

The aspect of the scheme that has caused the most damage to the U.S. Treasury involves Bey's preparation of false IRS Form 1041, U.S. Tax Returns for Estates and Trusts, for clients. These returns request huge refunds of non-existent tax withholdings and payments. Counts 18, 19, and 20 alone charge the defendant with preparing three such returns requesting a total of $25,632,053. Exhibit 1 to this motion contains the false claim for an $8.9 million tax refund prepared by Bey, as charged at Count 19 of the superseding indictment. Email correspondence between Bey and his clients shows that he knew that the refund claims were false because the trusts at issue neither made payments to the IRS nor had taxes withheld in the amounts claimed.

Unfortunately, the IRS paid out refunds in response to two of the false tax returns prepared by Bey that are alleged in the superseding indictment. Exhibit 2 is the $10,087,288 Treasury Check corresponding to Count 18. Once he received that check in February of 2019, co-defendant Orin Solomon paid Bey a ten percent "cut" of that refund in the form of two wire transfers totaling over $1 million. Bey purchased his house in Forney, Texas using those fraudulent proceeds. The smaller of the two refunds that were issued in response to fraudulent returns Bey prepared, which is charged at Count 20, resulted in $434,991 being paid to one of Bey's

customers in Maryland. For his services, that customer paid Bey $43,500, or approximately ten percent of the refund. Although Solomon and the other client in Maryland paid Bey ten percent of their refunds, the Creative Associates "Fee Schedule" at Exhibit 3 indicates that at one point Bey required his customers to pay him as much as 15 percent of whatever refund they received. These facts demonstrate extensive financial harm caused by the defendant. Moreover, Bey's receipt of a cut of the refund proceeds shows that he is motivated to prepare exorbitantly high refund claims in order to maximize the amount of money he receives.

Personal History and Characteristics of Defendant

Under § 3142(g)(3) the Court shall also consider "the history and characteristics of the person." In weighing a defendant's history and characteristics, the court considers such factors as employment history, community ties, past conduct, and criminal history. See id.

*Defendant's Employment*

Bey's only known employment is as the owner/operator of Creative Associates, a business that prepares false tax returns and assists customers with other types of fraud. The criminal nature of the defendant's employment weighs in favor of detention. United States v. Reuben, 974 F.2d 580, 585-86 (5th Cir. 1992) (finding,

in a drug case, that the defendant's job was "meaningless as an indicator of future appearances before the court when it is directly connected to drug trafficking").

After his arrest, the defendant admitted to Pretrial Services that he was employed by Creative Associates, but, as explained below, gave the officer a false address in Greensboro, North Carolina for that business. Bey has the ability to operate his business from anywhere because Creative Associates is a tax fraud mill he runs over the internet. Indeed, evidence uncovered during the investigation revealed that he electronically filed tax returns from Texas while holding himself out as operating his business from North Carolina.

Finally, one of the conditions of release ordered by Magistrate Judge Rutherford is that Bey not engage in his current line of work, including preparing tax returns or proving any financial services. As such, it is unlikely he will be permitted to continue to operate Creative Associates while he awaits trial. Without stable employment, Bey poses a risk of flight.

*Community Ties*

In determining whether the defendant's ties to the community are sufficient, the Fifth Circuit has noted that they must be the sort of ties "from which we can infer that a defendant is so deeply committed and personally attached that he cannot be driven from it by the threat of a long prison sentence." Reuben, 974 F.2d at 585-86.

Bey makes false statements and is otherwise evasive about his identity and location. Despite apparently living in Texas, he continues to represent to law enforcement, the IRS, and Pretrial Services that he operates his business from North Carolina. The address for Creative Associates that he provides to clients along with a different address he lists for the business on tax returns filed with the IRS are both fabrications.

The address of 1150 Revolution Mills Drive, Suite 1, Greensboro, NC 27405 that appears in Bey's business emails (see Exhibit 4) is not occupied by Creative Associates. See Exhibit 5. Bey gave the same false address for Creative Associates to Pretrial Services after his arrest. Bey places a different false address, 1500 Revolution Mills Drive, on tax returns that he prepares. See Exhibit 6. However, that address does not even appear on a map of the Revolution Mills campus in Greensboro. See Exhibit 7.

Most notably, at the time of his arrest, Bey told the arresting agents that he resided in North Carolina – not Texas – thereby admitting that he lacks ties to the Northern District of Texas. He claimed that the house in Forney, Texas where he was arrested was the home of his wife and children, but that his residence was in North Carolina. He explained that he never obtained a Texas driver's license because his domicile was in North Carolina. Bey's North Carolina driver's license issued

April 1, 2016 (Exhibit 8) expired on October 8, 2023.[2] Bey also attempted to give the agents a post office box instead of a street address.

Aside from preparing false tax returns for people who live in Maryland Bey has no apparent ties to this District. His ongoing evasiveness about the location of his business and personal residence, combined with his lack of community ties militates against his pretrial release.

*Past Conduct*

Bey's criminal conduct goes beyond the offenses charged in the superseding indictment. For example, there is evidence that Bey attempted to assist family members in evading their tax liabilities by, among other means, attributing their income to other individuals or to individuals who did not exist. For the years 2016-2021 Bey filed corporate income tax returns for Creative Associates on Forms 1120S. On Schedules K-1 attached to those returns, Bey was required to report the names and Social Security numbers of each corporate shareholder (including his mother, wife, and two minor children). For each of those years, he listed non-existent Social Security numbers for his mother and one of his children. Also, in each of those years he reported Social Security numbers for his wife and one of his children

[2] If Bey does not have a valid driver's license (either in Texas or North Carolina), it is not clear how he will be able to travel to Maryland for court appearances in this case. This further supports detaining him to assure his presence at future proceedings.

that actually belonged to other people. Because the IRS uses Forms K-1, and the tax identification numbers listed thereon, to determine how much income each shareholder is required to report on their individual income tax returns in a given year, using Social Security numbers that are either nonexistent or belong to other individuals tends to conceal the shareholders' income. Accordingly, Bey's criminal conduct appears to be more extensive than what is presently alleged in the superseding indictment, which further supports detention.

*Criminal History*

Bey's criminal history reveals that he attempts to mislead law enforcement about his identity. This suggests a risk of flight in his case. Bey was arrested in 2005 by the State Highway Patrol in Forsyth County, North Carolina. Exhibit 9 is an email from an FBI Agent that indicates Bey gave the arresting officers a Canadian driver's license. However, the defendant has no known connection to Canada and it is unknown how he obtained such a driver's license. Additionally, during the course of the traffic stop that led to his arrest, the defendant provided the officers with a document containing Sovereign Citizen-style arguments. This interaction led to Bey's arrest and conviction for carrying a concealed weapon, operating a vehicle without a license, and refusing or providing false information to an officer. See Exhibit 10.

In a similar vein, in September 2022, when IRS-CI Special Agents went to the house where he was arrested this week in Texas to serve him with a subpoena, the defendant essentially denied being Al Bey (even though his appearance matched the driver's license photograph obtained by the agents). See Exhibit 11. This conduct is consistent with the behavior he displayed at the time of his arrest in 2005 and demonstrates that Bey makes misleading statements about his identity when confronted by law enforcement.

Overall, the defendant's criminal history and interactions with law enforcement weigh in favor of detention.

Danger to the Community

The final § 3142(g) factor, "the nature and seriousness of the danger to any person or the community that would be posed by the person's release," has been considered by courts in the flight risk analysis. See United States v. Zhang Xiao Dong, 2017 WL 5629513, at *3 (N.D.Tex., 2017). There is clear and convincing evidence in this case that Bey is likely to persist in fraud against the United States Treasury through the filing of false tax returns even now that he has been charged. In so doing, he will be a danger to the public fisc.

In August of this year, co-defendant Solomon sent Bey an email notifying Bey that Solomon was facing charges for multiple tax returns prepared by Bey. Exhibit 12. And yet, IRS data obtained this week shows that Bey has been undeterred by

Solomon's indictment and has persisted in filing false Form IRS trust returns asking for fraudulent tax refunds for his customers. For example, last month, Bey electronically filed a 2021 Form 1041 for a purported trust requesting a refund of $135,449. Fortunately, this week, the civil function of the IRS identified that return as potentially fraudulent and stopped the refund from issuing. However, each return that Bey files is another potential windfall for him and loss to the government.

Bey is also presently in the business of selling so-called "tradelines" through Creative Associates. Exhibit 13. This appears to be another fraud scheme that Bey is perpetrating through his business. As detailed in the Department of Justice press release at Exhibit 14, three defendants pled guilty to similar misconduct charged as wire fraud and bank fraud in a North Carolina case in 2021. Although Bey is not currently charged with any offenses related to "tradelines" or the use of synthetic identities, there is evidence that he is currently engaged in this type of fraud.

In sum, the prospect of additional economic harm posed by the defendant's unchecked fraud shows danger to the community. See United States v. Reynolds, "danger may, at least in some cases, encompass pecuniary or economic harm." 956 F.2d 192, 192 (9th Cir. 1992).

## Conclusion

In light of the Section 3142 statutory factors, the defendant poses a serious risk of flight and a danger to the community. This Court should revoke the release

order from the Northern District of Texas and order him detained pending trial and order that the United States Marshals Service transport Bey to the District of Maryland.

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Department of Justice, Tax Division

By: /s/ *Jeffrey A. McLellan*
JEFFREY A. MCLELLAN

/s/ *Melissa S. Siskind*
MELISSA S. SISKIND
Trial Attorneys
Department of Justice, Tax Division
150 M Street NE
Washington, DC 20002
202-598-5918
202-616-1786 (fax)
Jeffrey.A.McLellan@usdoj.gov
Melissa.S.Siskind@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on December 15, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

By: */s/ Jeffrey A. McLellan* ___________________

Trial Attorney
U.S. Department of Justice, Tax Division
150 M Street NE
Washington, DC 20002
Telephone: 202-598-5918
Email: Jeffrey.a.mclellan@usdoj.gov