**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO. 8:23-cr-00099-LKG** |
| | * | |
| **ORIN WAYNE SOLOMON, and** | * | |
| | * | |
| **MARQUIS AL BEY,** | * | |
| **A/K/A "AL BEY,"** | * | |
| **A/K/A "ALVIN HEWETT,"** | * | |
| | * | |
| **Defendants** | * | |
| | ******* | |

**MOTION FOR PROTECTIVE ORDER**

The government, with the consent of counsel for the defendants, requests a Protective Order. In support of this motion, the government states the following.

1. On March 22, 2023, a grand jury returned an indictment charging defendant Solomon with violations of federal law, including violations of the internal revenue laws. The government has provided Rule 16 discovery that contains, among other materials, tax return and financial information relating to defendant Solomon.

2. On December 7, 2023, a grand jury returned a superseding indictment adding additional charges against defendant Solomon as well as charges against defendant Marquis Al Bey, a tax return preparer. The superseding indictment alleges that defendant Bey prepared false tax returns not only for defendant Solomon, but also for other clients nationwide.

3. The government now intends to produce additional Rule 16 discovery to defendant Solomon relating to the superseding indictment and to make its initial Rule 16 discovery

production to defendant Bey. These materials include tax returns and other records pertaining to numerous clients of defendant Bey, many of which contains personal identification information for these clients. These materials also include bank records and tax records for defendant Bey.

4. Pursuant to United States Attorney's Office policy, in the absence of a Protective Order, personal identifiers must be redacted from discovery before being produced to the defense. Because discovery in this case is voluminous, redacting every document in discovery will be time consuming and will significantly delay the discovery process.

5. To allow the government to produce discovery in unredacted form, the government requests that this Court enter a Protective Order under Federal Rule of Criminal Procedure 16(d)(1). A proposed Protective Order is attached. This Protective Order will protect the privacy interests of third parties whose personal identifiers are in discovery without burdening the defendants in the preparation of their defense.

6. As noted above, the defendants consent to the entry of the requested protective order.

Dated: December 20, 2023

Respectfully submitted,

DAVID A. HUBBERT
Deputy Assistant Attorney General
Department of Justice, Tax Division

*_/s/ Melissa Siskind_*
MELISSA S. SISKIND (DC Bar # 984681)
JEFFREY A. MCLELLAN (DC Bar # 484017)
Trial Attorneys
U.S. Department of Justice, Tax Division

150 M Street NE
Washington, DC 20002
202-305-4144 (MSS)
202-598-5918 (JAM)
202-616-1786 (fax)
Melissa.S.Siskind@usdoj.gov
Jeffrey.A.McLellan@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO. 8:23-cr-00099-LKG** |
| | * | |
| **ORIN WAYNE SOLOMON, and** | * | |
| | * | |
| **MARQUIS AL BEY,** | * | |
| **A/K/A "AL BEY,"** | * | |
| **A/K/A "ALVIN HEWETT,"** | * | |
| | * | |
| **Defendants** | * | |
| | ******* | |

**PROTECTIVE ORDER**

This matter comes before the Court on the government's Consent Motion for a Protective Order, pursuant to Federal Rule of Criminal Procedure 16(d)(1). The request is hereby **GRANTED** and it is **ORDERED** as follows:

1. Applicability.

(A) Covered Discovery Material. This Protective Order applies to all items, documents and information ("discovery material") that the government produces to any defense counsel in relation to the above-captioned case that contains personal identifiers, as defined further below. The Order therefore applies whether the discovery material is produced in accordance with Standing Order 2020-01, issued by Chief Judge James K. Bredar on February 5, 2020 ("Standing Order 2020-01"), Federal Rules of Criminal Procedure, the Jencks Act (18 U.S.C. § 3500), or applicable Constitutional requirements such as *Brady v. Maryland*, 373 U.S. 83 (1963), and *Giglio*

*v. United States*, 405 U.S. 150 (1972). The Order applies equally to discovery material that might not be strictly discoverable by the above agreement and requirements, but which the government produces for the convenience of or at the request of Defendants.

(B) Covered Persons. This Protective Order applies to any and all defense counsel, their associates, paralegals, and assistants (collectively "defense counsel") in or related to the above-captioned case. This Protective Order further applies to any person who obtains discovery material from defense counsel, whether pursuant to paragraph 3 or otherwise.

2. Prohibitions. The following prohibitions apply except as noted in paragraph 3.

(A) No Further Dissemination of Discovery Material. Defense counsel are prohibited from disseminating any discovery material that contains personal identifiers whether in written, electronic, or any other form, except as outlined in paragraph 2(b)(i) of Standing Order 2020-01.

(B) No Communication of Personal Identifiers. Defense counsel are prohibited from communicating to anyone, other than the Defendants, any "personal identifiers" that counsel have obtained through the discovery material except as outlined in paragraph 2(c) of Standing Order 2020-01. The term "personal identifiers" includes names of minors, dates of birth, social security numbers, taxpayer identification numbers, home street addresses, telephone numbers, Medicare or Medicaid ID numbers, financial account numbers, passport numbers, and any other identifier that may improperly disclose private or sensitive information. This prohibition applies to all personal identifiers in the discovery materials, whether they pertain to a defendant or another real or fictitious person.

(C) No Communication of Witness Location Information. Defense counsel are prohibited from revealing, by any means, witness location information and information that could reasonably lead to the discovery of a witness's location, to anyone, other than the Defendants.

3. Exceptions Where Discovery Material May be Disseminated. **All recipients of discovery material are bound by this Protective Order and subject to the same prohibitions as apply to defense counsel.** Such recipients may not further disseminate any discovery material that contains personal identifiers except as set forth below or as outlined in paragraph 2 of Standing Order 2020-01.

(A) Co-Counsel and Employees. Defense counsel may provide discovery material, may communicate personal identifiers, and may reveal witness location information to their employees (associates, paralegals, and assistants) and their co-defense counsel, where (1) such provision is necessary to the representation of the Defendants, and (2) such recipients are provided with this Protective Order.

(B) Investigators and Experts. Defense counsel may provide discovery material, may communicate personal identifiers, and may reveal witness location information to designated investigators and designated expert witnesses, only to the extent that (1) such provision is necessary to the representation of the Defendants, and (2) such recipients are provided with this Protective Order. Investigators who are not employees of the Federal Public Defender, if any, and retained experts shall sign an acknowledgment agreeing to abide by its prohibitions.

(C) Use in the Course of Defense. Defense counsel and those who are authorized to receive discovery materials by paragraphs 3(A) and (B) may further use such materials in the course of their defense, as follows:

(i) Review by Defendants. The Defendants may review the discovery materials, but may not be provided with any copies of discovery materials that contain personal identifiers, nor may the Defendants keep any portions of the materials that contain personal identifiers, except as outlined in paragraph 2(b)(i) of Standing Order 2020-01. The Defendants may make and keep notes except that such notes may not contain any personal identifiers or witness location information.

(ii) Filing with the Court. Defense counsel may file discovery material with the Court as provided by Federal Rule of Crim. P. 49.1, *except* defense counsel may not rely upon the exemption from redaction set forth in paragraph 49.1(b)(7).

(iii) Fact Witness Interviews. Discovery materials may be shown to fact witnesses during pretrial interviews and preparation, to the extent necessary for defense of the case, but such witnesses may not be provided with any copies thereof, nor may they keep any notes or portions of the materials except as outlined in paragraph 2(b)(i) of Standing Order 2020-01.

____________________ ____________________________________
Date

HONORABLE LYDIA KAY GRIGGSBY
UNITED STATES DISTRICT JUDGE