**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CASE NO. 8:23-cr-00099-LKG** |
| | * | |
| **ORIN WAYNE SOLOMON, and** | * | |
| | * | |
| **MARQUIS AL BEY,** | * | |
| **A/K/A "AL BEY,"** | * | |
| **A/K/A "ALVIN HEWETT,"** | * | |
| | * | |
| **Defendants** | * | |
| | ******* | |

**JOINT STATUS REPORT**

The United States of America, by and through undersigned counsel, and the defendants by and through their respective undersigned counsel, hereby submit the following Joint Status Report in advance of the initial scheduling conference on March 12, 2024.

**Status of Discovery**

The government has provided Rule 16 discovery to both defendants. If and when the government receives additional materials that are subject to Rule 16, the government will promptly disclose those materials to the defendants. The government has also complied and will continue to comply with its Brady and Giglio obligations.

**<u>Trial</u>**

The government and defendant Solomon are available for trial in September 2024. Counsel for defendant Bey advises that he is leaving the Office of the Federal Public Defender in May and that this case will be re-assigned to a different attorney. Accordingly, he requests that the Court defer setting a trial date until after that time.

The government anticipates that its case-in-chief will last approximately one-and-a-half to two weeks and include at least 30 witnesses.[1]

The government does not anticipate any unique issues relating to this trial.

**<u>Pretrial Motions</u>**

The government intends to file the following motions: (1) a motion to find that defendant Solomon breached his signed plea agreement and that, as a result, statements made as part of the plea agreement are admissible against him at trial; (2) a motion to admit business records without the testimony of a records custodian, pursuant to Federal Rules of Evidence 803(6) and 902(11), and (3) a motion to admit “other” acts evidence against defendant Bey pursuant to Federal Rule of Evidence 404(b).

---

[1] This does not include records custodians. The government intends to file a motion to admit financial records and other business records without the testimony of a records custodian, pursuant to Federal Rules of Evidence 803(6) and 902(11).

Defendants Solomon and Bey have not yet determined what, if any, motions they intend to file, although defendant Bey anticipates that he may file motions to suppress statements and the results of an email search warrant.

Dated: March 4, 2024

Respectfully submitted,

*For the government:*

DAVID A. HUBBERT
Deputy Assistant Attorney General
Department of Justice, Tax Division

*/s/ Melissa Siskind*
MELISSA S. SISKIND
JEFFREY A. MCLELLAN
Trial Attorneys
U.S. Department of Justice, Tax Division
150 M Street NE
Washington, DC 20002
202-305-4144 (MSS)
202-598-5918 (JAM)
Melissa.S.Siskind@usdoj.gov
Jeffrey.A.McLellan@usdoj.gov

*For Defendant Solomon:*

*/s/ Adam Harris*
ADAM D. HARRIS
Law Office of Adam D. Harris, L.L.C.
600 Jefferson Plaza, Suite 201
Rockville, Maryland 20852
(301) 960-5005
adam@adamharrislawfirm.com

*For Defendant Bey:*

*/s/ Ned Smock*
NED SMOCK
Office of the Federal Public Defender
100 South Charles Street
Tower II – 9th Floor
Baltimore, Maryland 21201
(410) 962-3962
ned_smock@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system.

*/s/ Melissa Siskind*
MELISSA S. SISKIND
Trial Attorney
U.S. Department of Justice, Tax Division